**Mark D. ROME, Plaintiff–Appellant,**

v.

**SMITHKLINE BEECHAM CORPORATION, d/b/a GlaxoSmithKline, Defendant–Appellee.**

**No. 05–55574.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 9, 2007.

Filed May 18, 2007.

---

* The Honorable William Hart, Senior United States District Judge for the Northern District of Illinois, sitting by designation.

C. Brent Scott, Esq., San Clemente, CA, for Plaintiff–Appellant.

Meryl C. Maneker, Esq., Wilson Petty Kosmo & Turner, LLP, San Diego, CA, for Defendant–Appellee.

Before: NOONAN, KLEINFELD, and PAEZ, Circuit Judges.

## MEMORANDUM *

Mark Rome appeals the district court's grant of summary judgment in favor of SmithKline Beecham Corporation d/b/a GlaxoSmithKline ("GSK") on Rome's claims of wrongful termination, and age-based discrimination and retaliation in violation of California's Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12900 *et seq.* We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part and reverse in part.

We review *de novo* a district court's grant of summary judgment. *Porter v. California Dep't of Corr.*, 419 F.3d 885, 891 (9th Cir.2005). We view the evidence in the light most favorable to the non-moving party, making all reasonable inferences in his favor. *See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir.2002). We conclude that there are genuine issues of material fact and reverse the grant of summary judgment as to Rome's claims of age discrimination and retaliation. We affirm the district court's grant of summary judgment as to Rome's wrongful termination claim.

## I.

FEHA tracks federal law, and California courts have adopted the framework set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), to evaluate whether a plaintiff has a claim for discrimination under FEHA. *See Guz v. Bechtel Nat'l, Inc.*, 24 Cal.4th 317, 100 Cal.Rptr.2d 352, 8 P.3d 1089, 1113

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Cir. R. 36–3.

(2000). To establish a *prima facie* case for age discrimination in termination, the plaintiff must show that: (1) he was within the protected age group; (2) he was performing his job satisfactorily; (3) he was discharged; and (4) the "discharge occurred under circumstances that give rise to an inference of age discrimination." *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1281 (9th Cir.2000).

■ GSK did not dispute that Rome established a *prima facie* case of age discrimination. We agree with the district court that GSK met its burden of producing a legitimate, non-discriminatory reason for Rome's termination by producing evidence that Rome was terminated for violating GSK policy by promising a grant to La Vida that had not yet been approved by GSK's Grants Department. We conclude, however, that Rome presented evidence raising a genuine factual dispute whether GSK's proffered reason for terminating him was pretextual, including evidence that Rome did not make any such promise, that Owens, his supervisor, may have harbored age-based animus against him, and that GSK, through Owens, conducted an incomplete, partial investigation into the matter such that it did not have a good-faith belief the Rome violated GSK policy. We therefore reverse and remand this claim for trial.

## II.

California courts also apply the *McDonnell Douglas* framework in determining whether a plaintiff has a claim for retaliation under FEHA. *See Yanowitz v. L'Oreal USA, Inc.*, 36 Cal.4th 1028, 32 Cal. Rptr.3d 436, 116 P.3d 1123, 1130 (2005) (citing cases). To establish a *prima facie* case of retaliation, a plaintiff must show that "(1) he or she engaged in a 'protected activity,' (2) the employer subjected the employee to an adverse employment action, and (3) a causal link existed between the protected activity and the employer's action." *Id.*

■ It is undisputed that Rome established a *prima facie* case of retaliation because he was terminated shortly after he complained to GSK that Owens was discriminating against him based on age. GSK's proffered non-discriminatory reason for terminating Rome was the alleged violation of GSK policy. We conclude that Rome presented evidence that also created a genuine factual dispute whether GSK's proffered reason for terminating him was a pretext for retaliation. The same evidence that supports Rome's discrimination claim also supports his retaliation claim; the latter claim is bolstered by additional facts, including the timing of the termination, and the fact that GSK's decision-makers were aware that Rome had complained against his supervisor. Summary judgment on Rome's retaliation claim was therefore improper; we reverse and remand this claim for trial.

## III.

We conclude that Rome's employment contract did not require good cause for termination, and that the statements described by Rome were inadequate to create an implied contract. *See Guz*, 100 Cal.Rptr.2d 352, 8 P.3d at 1104 ("[L]ong duration of service, regular promotions, favorable performance reviews, praise from supervisors, and salary increases do not, without more, imply an employer's contractual intent to relinquish its at-will rights"). We therefore affirm the district court's grant of summary judgment on Rome's claim for wrongful termination.

AFFIRMED in part, REVERSED in part, and REMANDED. Appellant shall recover his costs on appeal.