**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 16 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARK D. ROME,

   Plaintiff - Appellant,

 v.

SMITHKLINE BEECHAM
CORPORATION, DBA GlaxoSmithKline,

   Defendant - Appellee.

No. 08-56688

D.C. No. 8:04-cv-00332-JVS-PJW

MEMORANDUM [*]

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Argued and Submitted February 2, 2010
Pasadena, California

Before: KLEINFELD, WARDLAW and CALLAHAN, Circuit Judges.

 Following a bench trial, the district court entered judgment in favor of

SmithKline Beecham Corporation ("GSK") on Mark Rome's claims of age-based

discrimination, harassment, retaliation, and breach of contract. We have

jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

---

  [*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

**1. Discrimination.** The district court did not clearly err in rejecting Rome's claim that GSK terminated his employment because of age-based discrimination. *See Crockett & Myers, Ltd. v. Napier, Fitzgerald & Kirby, LLP*, 583 F.3d 1232, 1236 (9th Cir. 2009) (clear error standard of review); Cal. Gov't Code § 12940(a) (prohibition on age-based discrimination). Though GSK's investigation of Rome's alleged violation of GSK's grants policy left much to be desired, the district court's view that Rome's employment was not terminated because of his age "is plausible in light of the record viewed in its entirety," and, therefore, must be affirmed "even if the reviewing court would have weighed the evidence differently had it sat as the trier of fact." *Lahoti v. VeriCheck, Inc.*, 586 F.3d 1190, 1196 (9th Cir. 2009) (citation and quotation omitted).

Nor did the district court clearly err in accepting GSK's proffered justification for its decision not to hire Rome as an HIV Clinical Specialist. From the evidence presented at trial, the district court reasonably may have concluded that other candidates were more qualified than Rome, that Rome was relatively unenthusiastic about the position, and that Rome's age was not a consideration in the hiring decision.

**2. Harassment.** The district court did not clearly err in rejecting Rome's harassment claim. We are not "possessed of a 'definite and firm conviction'" that

Rome's manager engaged in conduct of sufficient severity and pervasiveness to alter the terms and conditions of Rome's employment. *SEC v. Rubera*, 350 F.3d 1084, 1093 (9th Cir. 2003) (quoting *Easley v. Cromartie*, 532 U.S. 234, 242 (2001)) (standard of review); *Nazir v. United Airlines, Inc.*, 178 Cal. App. 4th 243, 263–64 (2009) (elements of hostile work environment claim).

3. **Retaliation.** The district court did not clearly err in rejecting Rome's claim that his employment was terminated because he filed a complaint with the Employee Response Center. *Rubera*, 350 F.3d at 1093 (standard of review); Cal. Gov't Code § 12940(h) (retaliation). Rome did not advance an independent claim that GSK violated his rights by failing to conduct a sufficient investigation of his complaint to the Employee Response Center. *See* Cal. Gov't Code § 12490(j)(1), (k).

4. **Breach of Contract.** Rome's claim that GSK lacked a "good faith" basis for terminating his employment is foreclosed by our previous decision affirming the grant of summary judgment on this claim. *Rome v. Smithline Beecham Corp.*, No. 05-55574, 232 Fed. Appx. 711 (9th Cir. 2007); *see also Cotran v. Rollins Hudig Hall Int'l, Inc.*, 17 Cal. 4th 93, 95–96 (1998) (wrongful termination standard).

**AFFIRMED.**